...

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| A & E HARBOR TRANSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRI-COASTAL DESIGN GROUP, INC., et al., <br><br> Defendants. | **Civil Action No. 20-18509 (SRC)** <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Amended Complaint by Defendant Votum Enterprises LLC ("Votum.") The motion has been opposed by Plaintiff A & E Harbor Transport, Inc. ("Plaintiff.") For the reasons expressed below, the Court will grant the motion to dismiss.

This case arises from a dispute between Plaintiff, a transportation services company, and an alleged customer, Defendant Tri-Coastal Design Group, Inc. ("Tri-Coastal"), as well as Defendant Votum, alleged to be liable as a successor entity under New Jersey law. The Amended Complaint asserts five claims against both Defendants. Votum moves to dismiss the claims against it. In opposition, Plaintiff states that Count One through Count Four have not been brought against Votum, even though the use of the plural form, "defendants," in those claims suggests the contrary. The Court finds that Plaintiff has abandoned Counts One through Four, against Defendant Votum only, and these Counts, as against Votum only, will be dismissed with prejudice.

This leaves only Count Five, the claim that Votum is successor to the liabilities of Tri-Coastal.  Votum moves to dismiss Count Five on the ground that the Amended Complaint fails to plead sufficient facts to make plausible a claim for successor liability.  To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Votum contends that the Amended Complaint fails to plead the elements of successor liability under New Jersey law, as formulated in Ramirez v. Amsted Indus., Inc., 86 N.J. 332, 340 (1981).  In opposition, Plaintiff argues that the holding of Ramirez is limited to cases in which there are assets sold to the successor, and this is, instead, a case in which the successor entity is a "mere continuation" of the prior entity.  In support, Plaintiff quotes from 40 Eisenhower Drive, LLC v. Karoon Capital Mkts., 2014 N.J. Super. Unpub. LEXIS 2860, at *10-11 (N.J. Super. Ct. App. Div. 2014) (citations omitted):

> Generally, "when a company sells its assets to another [entity], the acquiring company is not liable . . . simply because it has succeeded to the ownership of the assets of the seller."  There are, however, four exceptions to this principle: (1) the successor expressly or impliedly assumes the predecessor's liabilities; (2) there is an actual or de facto consolidation or merger of the seller and the purchaser; (3) the purchasing company is a mere continuation of the seller; or (4) the transaction is entered into fraudulently to escape liability.
>
> Where, as in this case, the claim is made that a particular transaction amounts to a de facto consolidation of the selling and buying companies, or the mere continuation of the selling company by the purchaser, the court considers four factors:

2

> (i) continuity of management, personnel, physical location, assets, and general business operations; (ii) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (iii) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (iv) continuity of ownership/shareholders.
>
> All of these factors need not be present for finding that a de facto merger or continuation has occurred. Rather, the crucial inquiry is whether there was an intent on the part of the contracting parties to effectuate a merger or consolidation rather than a sale of assets.

Solely for the purpose of deciding the instant motion, this Court accepts that 40 Eisenhower states the relevant New Jersey law of successor liability. The problem for Plaintiff, however, is that, under the law as stated in 40 Eisenhower, the Amended Complaint does not plead sufficient facts to make plausible that Votum is liable as successor to Tri-Coastal. After stating the law, the opposition brief presents a summary of factual allegations, some stated in the Amended Complaint, some not stated in the Amended Complaint. Then, Plaintiff offers this summary of its case for successor liability:

> The facts surrounding payment of the check, by itself, is the smoking gun that defeats a 12(b)(6) motion. In addition, a very strong inference must be drawn that the identities of the two companies have blurred, to wit: customer lists, legal counsel, lack of transparency, employees, management, ownership and the timing of events.

(Pl.'s Opp. Br. 12.)

Plaintiff relies on 40 Eisenhower, but the opposition brief fails to demonstrate that the Amended Complaint pleads the elements of successor liability as stated in that case. As Votum notes in reply, the quoted section from 40 Eisenhower describes an inquiry to be applied to a "particular transaction," but the Amended Complaint does not identify a particular transaction, nor does the opposition brief. 2014 N.J. Super. Unpub. LEXIS 2860, at *10. 40 Eisenhower

3

concludes: "the crucial inquiry is whether there was an intent on the part of the contracting parties to effectuate a merger or consolidation rather than a sale of assets." Id. at *11. Plaintiff's opposition brief makes no argument that the Amended Complaint pleads facts that make plausible the inference that there was such a contracting event or such an intent shared by Tri-Coastal and Votum management.

The Court concludes that the Amended Complaint fails to plead sufficient facts to make plausible Count Five, for successor liability. The motion to dismiss will be granted and, as to Votum, Count Five will be dismissed without prejudice. Plaintiff is granted leave to replead Count Five within 30 days of the date of entry of this Opinion and Order.

For these reasons,

**IT IS** on this 19th day of February, 2021

**ORDERED** that, as to Counts One through Four in the Amended Complaint, Votum's motion to dismiss (Docket Entry No. 4) is **GRANTED**, and, as to Defendant Votum only, Counts One through Four in the Amended Complaint are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to Count Five in the Amended Complaint, Votum's motion to dismiss (Docket Entry No. 4) is **GRANTED**, and, as to Defendant Votum only, Count Five in the Amended Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend Count Five within 30 days of the date of entry of this Opinion and Order.

                                                                           s/ Stanley R. Chesler
                                                                           STANLEY R. CHESLER
                                                                       United States District Judge