UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
-------------------------------------------------------X
A & E HARBOR TRANSPORT, INC.,                CIVIL ACTION

                      Plaintiff,                Case No.: 2:20-cv-18509-SRC-CLW

          v.                                    MOTION RETURN DATE:
                                                                   May 17, 2021

TRI-COASTAL DESIGN GROUP,
INC., and VOTUM ENTERPRISES,
LLC,

                      Defendants.

-------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE
AMENDED COMPLAINT AGAINST VOTUM ENTERPRISES LLC PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dated: April 26, 2021                                      Michael Schwartzberg, Esq.

JEFFREY ZAJAC, ESQ.
On the Brief
Attorney ID: 029411985

# **TABLE OF CONTENTS**

LEGAL ARGUMENT

    POINT I:         1

    COUNTS FIVE AND SIX OF THE PLAINTIFF'S SECOND
    AMENDED COMPLAINT ARE NOT SUBJEC TO DISMISSAL
    UNDER RULE 12(B)(6).

CONCLUSION         9

## TABLE OF AUTHORITIES

|  | Page(s) |
|---|---|
| **Cases** | |
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | 5 |
| *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) | 5 |
| *Bellmead Development Corp. v. N.J. State Council*, 11 F. Supp. 2d 500, 503 (D.N.J. 1998) | 3 |
| *Brown v. Peoples Sec. Ins.,* 158 F.R.D. 350, 352 (E.D. Pa. 1994) | 3 |
| *Conley v. Gibson*, 355 U.S. 41, 47-48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) | 4 |
| *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989) | 7 |
| *Essex Ins. Co. v. Miles*, CIV.A. 10-3598, 2010 WL 5069871 (E.D. Pa. Dec. 3, 2010) | 6 |
| *Foulk v. Donjon Marine Co., Inc.*, 144 F.3d 252, 256 (3rd Cir. 1998) | 4 |
| *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) | 5 |
| *Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, 2:17-CV-07386, 2018 WL 6804506 (D.N.J. Oct. 30, 2018) | 7 |
| *Granillo v. FCA US LLC,* CV 16-153 (FLW)(DEA), 2016 WL 9405772, (D.N.J. Aug. 29, 2016). | 7 |
| *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997) | 3 |
| *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) | 3 |
| *Hunt Const. Grp., Inc. v. Farina,* CIV. 11-4933 FSH PS, 2012 WL 72286, at *5 (D.N.J. Jan. 10, 2012). | 8 |
| *Iwanowa v. Ford Motor Company*, 67 F. Supp. 2d 424, 446 (D.N.J. 1999) | 3 |
| *Marketvision/Gateway Research, Inc. v. Priority Pay Payroll, LLC,* CIV.A. 10-1537 SRC, 2011 WL 1640459 (D.N.J. May 2, 2011) | 7 |
| *Melikian v. Corradetti,* 791 F.2d 274, 282 (3rd Cir. 1986) | 7 |

*Naporano Iron & Metal Co. v. American Crane Corp.*,
79 F.Supp.2d 494, 511 (D.N.J. 1999) ........................................................................ 8

*Osborne v. RJM Acquisitions Funding, LLC*,
754 F. Supp. 2d 1309, 1310 (W.D. Okla. 2010) ........................................................ 5

*Quinones v. Szorc*, 771 F.2d 289, 29 (7th Cir. 1985). .................................................. 3

*Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998) ........ 6

*Rose Containerline, Inc. v. Omega Shipping Co.*,
CIV. 10-4345 WHW, 2011 WL 1253849 ................................................................. 6

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974) ......... 3

Wright & Miller, *Federal Practice and Procedure,* (3rd ed. 2004) ........................ 3, 4, 6

*Wrist Worldwide Trading GMBH v. MV Auto Banner*,
CIV.A. 10-2326 ES, 2011 WL 5414307 (D.N.J. Nov. 4, 2011) ............................... 6

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 1

Federal Rule of Civil Procedure 8(a)(2) ........................................................................ 3

## **LEGAL ARGUMENT**

### **POINT I**

### **COUNTS FIVE AND SIX OF THE PLAINTIFF'S SECOND AMENDED COMPLAINT ARE NOT SUBJECT TO DISMISSAL UNDER RULE 12(B)(6).**

In its second motion to dismiss, the Defendant, Votum Enterprises, LLC ("Defendant") misconstrues the nature of pleadings in the federal courts, in that it demands specificity of facts and causes of action not contemplated in the court rules. Its motion seeking to dismiss Counts 5 and 6 lacks merit and should be denied.

The Plaintiff's claim for relief, spelled out in sufficient detail, is straightforward and meets federal pleading requirements. The Defendant fails to acknowledge that current pleading -- the Second Amended Complaint -- contains significantly more facts than previous filings. The Complaint at present indeed creates a "plausible" cause of action under the federal rules.

Where the original Complaint set forth 12 paragraphs of underlying facts for Count 5 (successor liability), the Second Amended Complaint asserts 38 such paragraphs. The Second Amended Complaint also contains a new Count 6 (piercing of the corporate veil) which provides a plausible cause of action in the instant case. In sum, the Plaintiff asserts the following facts:

- the Defendant's predecessor, Tri-Coastal Design Group, Inc. ("Tri-Coustal") owes the Plaintiff $126,459 as a result of services rendered by the Plaintiff pursuant to a written contract performed during the period of August 2017 to March 2020

- the Defendant was created as a business entity in July 2020

- the Defendant was created in and around the time that Tri-Coastal informed the Plaintiff that it was "no longer in business"

- Tri-Coastal failed to send the Plaintiff the Section 9-611 notification required under the Uniform Commercial Code

1

- The Member/Manager of both Tri-Coastal and the Defendant are identical (Ted S. Levine)

- Tri-Coastal has transferred its internet presence to the Defendant

- Some if not all of Tri-Coastal's employees are now employed by the Defendant

- In September 2020, the Plaintiff received a check for $2,815 from the Defendant for one of the debts of *Tri-Coastal*. **Thus, we have a situation where one company is paying the debts of the other.** It is reasonable to assume that this was the very first check written by Votum in continuance of the operations of Tri-Coastal as the plaintiff contends.

- Tri-Coastal and the Defendant provide identical services, i.e., they are both wholesalers of gifts, cosmetics, bath products, stationary and apparel

- Michael Mastrangelo and Marvin Stutz, the owners of Tri-Coastal, are now the owners and officers of the Defendant

- Tedd S. Levine, Esq. was the attorney for Tri-Coastal and is now the attorney for the Defendant

These facts powerfully support both Count 5 and Count 6. They include, but are not limited to, the timing, ownership, management, operations, customers, counsel and payments of obligations. The evidence in this case will show that the affairs of these two companies are so intertwined with each other as to blur the lines of distinction. They are factual allegations and not parroted legal conclusions. Dismissal via Rule 12(b)(6) is entirely inappropriate.

As for the Defendant's partial payment in September 2020 for a Tri-Coastal debt, the Defendant alleges that this event was a "clerical error." [Db 15]. In addition to having no factual support, this position is irrelevant and carries no weight at the Rule 12(b)(6) stage. Indeed, it prompts more questions than it answers. Discovery on this event is necessary (see below).

## **Federal Pleading Requirements**

The Defendant asks too much at this stage of the case. A motion to dismiss under Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Iwanowa v. Ford Motor Company*, 67 F. Supp. 2d 424, 446 (D.N.J. 1999); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993). The Court may not dismiss the complaint unless the plaintiff can prove no set of facts which would entitle him to relief. *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997). As noted by the United States Supreme Court: "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). To withstand a motion to dismiss, "a plaintiff is not required to provide evidence of or prove the truthfulness of his complaint." *Quinones v. Szorc*, 771 F.2d 289, 291, n.3 (7th Cir. 1985).

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." Conspicuously absent from Rule 8(a)(2) is the requirement found in the codes that the pleader set forth the "facts" constituting a "cause of action." 5 Wright & Miller, *Federal Practice and Procedure,* § 1216 at 148 (3rd ed. 2004); *See, Brown v. Peoples Sec. Ins.,* 158 F.R.D. 350, 352 (E.D. Pa. 1994) ["Rule 8(a) imposes no requirement that the pleading state facts sufficient to constitute a cause of action."].

A complaint need only provide a concise, clear statement of the claim, since "the Federal rules are based on notice pleading rather than fact pleading." *Bellmead Development Corp. v. N.J. State Council*, 11 F. Supp. 2d 500, 503 (D.N.J. 1998), quoting *United States v. Jones*, 916 F. Supp. 383, 385 (D.N.J. 1995). As noted by the New Jersey District Court in *Jones*:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he [or she] bases his [or her] claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ....Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Id*. 916 F. Supp. at 385, quoting *Conley v. Gibson*, 355 U.S. 41, 47-48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In this respect, the Third Circuit has declared: "Generally, under the liberal notice pleading practices in federal civil cases, a claimant does not have to set out in detail the facts upon which the claim for relief is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." *Foulk v. Donjon Marine Co., Inc.*, 144 F.3d 252, 256 (3rd Cir. 1998). As noted by a leading authority, "the discovery process bears the burden of filling in the details." 5 *Wright & Miller, supra.*, § 1215 at 138-143. As further explained:

> The only function left to be performed by the pleadings alone is that of notice. Thus, pleadings under the rules simply may be a general summary of the party's position that is sufficient to advise the other party of the event being sued upon, to provide some guidance as to what was decided for purpose of res judicata, and to indicate whether the case should be tried to the court or to a jury. **No more is demanded of the pleadings than this.**
>
> ―――――――――――
>
> The relevant facts may be determined by discovery. The issues likewise may be narrowed by discovery, or by a pretrial conference, or by "partial summary judgment" under Rule 56(d).

5 *Wright & Miller, supra.* § 1202 at 69 [emphasis supplied]. The burden of drafting a competent complaint in federal court is not a heavy one. As noted by Wright & Miller:

> Under the federal rules it is very difficult for counsel to draft a pleading so badly as to lose the rights of his clients. Indeed, it has been said that "a sixteen year old boy could plead" under these rules.

4

Wright & Miller, 5 *Federal Practice and Procedure* § 1202 (3d ed. 2004); Accord, *Osborne v. RJM Acquisitions Funding, LLC*, 754 F. Supp. 2d 1309, 1310 (W.D. Okla. 2010).

As the above summary reflects, the Plaintiff's Second Amended Complaint is procedurally and substantively compliant with the federal rules of pleading. The Plaintiff's motion fails to provide a basis for its dismissal under Rule 12(b)(6).

In referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Defendant argues that "[p]leading standards have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)." [Db 9]. In this respect, the Court in *Iqbal* stated: "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S.Ct. at 1950.

Again, as noted above, the Second Amended Complaint is fact based. While it advances conclusions -- as any pleading must -- the underlying basis of the pleading rests upon factual predicates.

Fundamentally distinguishable is *Essex Ins. Co. v. Miles*, CIV.A. 10-3598, 2010 WL 5069871 (E.D. Pa. Dec. 3, 2010), where the court found the plaintiff's complaint alleging a veil-piercing claim insufficient. *Essex Ins. Co.,* 2010 WL 5069871, at *3. The *Essex* complaint alleged that "upon information and belief" the defendants "failed to observe corporate formalities, intermingled funds, used corporate property for personal expenses," was undercapitalized and "used [the defendant corporation] as a 'facade' or 'alter ego.' " *Id.* As a result, the court found that the plaintiff's allegations were "legal conclusions devoid of any facts regarding the time, place or manner of actual conduct." *Id.*

Similarly distinguishable is *Wrist Worldwide Trading GMBH v. MV Auto Banner*, CIV.A. 10-2326 ES, 2011 WL 5414307 (D.N.J. Nov. 4, 2011), where the District of New Jersey court found that the plaintiff simply recited the relevant veil-piercing factors "but [did] not provide factual underpinning to appropriately support its alter ego allegations." Id. at *5; See also, *Rose Containerline, Inc. v. Omega Shipping Co.*, CIV. 10-4345 WHW, 2011 WL 1253849, at *3 (D.N.J. Mar. 28, 2011) ("The only allegations in support of piercing the corporate veil are that the defendants have 'engaged in conduct that is intentional, *ultra vires* and to the severe economic detriment of the plaintiff.' These allegations are conclusory and unsupported by facts").

By way of sharp contrast to the plaintiffs in *Essex Ins., Wrist Worldwide Trading*, and *Rose Containerline*, the Plaintiff here has provided factual allegations supporting how or why corporate veil and successor liability principles have been plausibly advanced in the Second Amended Complaint. Neither of these causes of action can be deemed as perfunctory, formulaic, and devoid of supporting factual allegations.

### Information Within Defendant's Control

In addition, any alleged pleading requirements may be relaxed where factual information is exclusively within the opposing party's knowledge or control. Here, the Plaintiff lacks sufficient information at this time to evaluate the defenses and claims advanced by the Defendant. As noted above: "The relevant facts may be determined by discovery. The issues likewise may be narrowed by discovery, or by a pretrial conference, or by 'partial summary judgment' under Rule 56(d)." 5 *Wright & Miller, supra.* § 1202 at 69.

In this respect, the Third Circuit has cautioned that courts should not require plaintiffs to plead issues that may have been concealed by defendants. *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 658 (3d Cir. 1998). Thus, the requirements of pleading may be relaxed where

6

factual information is exclusively within the opposing party's knowledge or control. *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989). As noted by the Third Circuit in *Craftmatic*:

> Particularly in cases of corporate fraud, plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs.

Id. at 645. Accord, *Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, 2:17-CV-07386, 2018 WL 6804506, at *7 (D.N.J. Oct. 30, 2018); *Granillo v. FCA US LLC*, CV 16-153 (FLW)(DEA), 2016 WL 9405772, at *6 (D.N.J. Aug. 29, 2016).

The defendant attached a litany of documents to its motions. The plaintiff has never seen many of them before and has no knowledge of their existence or their authenticity. The plaintiff is at a distinct disadvantage in this regard. That is why the *Craftmatic* court and others give the plaintiff the benefits of any doubt.

In the instant case, it is difficult to see how the Plaintiff could have pled its Complaint with more specificity, given the fact that critical facts are not within its possession and discovery has yet to commence.

### **Discovery Is Necessary To Evaluate the Merits of the Plaintiff's Claim**

In *Marketvision/Gateway Research, Inc. v. Priority Pay Payroll, LLC*, CIV.A. 10-1537 SRC, 2011 WL 1640459, at *8 (D.N.J. May 2, 2011), the court held that "because a significant amount of information germane to plaintiff's veil-piercing theory is likely in defendants' exclusive possession, plaintiff is entitled to seek that information via "discovery to further develop the record, as [it] has set forth sufficient factual allegations to support [its] claims." See also, *Melikian v. Corradetti,* 791 F.2d 274, 282 (3rd Cir. 1986). The heightened standard for pleading fraud is

7

relaxed in circumstances where the information necessary to plead with particularity is concealed by defendants. *In re Craftmatic Securities Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989); *Naporano Iron & Metal Co. v. American Crane Corp.,* 79 F.Supp.2d 494, 511 n. 27 (D.N.J. 1999). Indeed, the Third Circuit has cautioned that "Courts must be sensitive to the fact that application of Rule 9(b) prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud" and that "[p]articularly in cases of corporate fraud, plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989); Accord, *Hunt Const. Grp., Inc. v. Farina*, CIV. 11-4933 FSH PS, 2012 WL 72286, at *5 (D.N.J. Jan. 10, 2012).

While not specifically citing Rule 9(b), the Defendant's brief is replete with argument contending that the Plaintiff has failed to plead the fraudulent element of the piercing the veil principle.  [Db 17, 21, 21-22, 24].

However, at this stage of the case, such an argument is neither here nor there.

For all of the above reasons, the Defendant's Rule 12(b)(6) motion should be denied.

8

## **CONCLUSION**

For all of the foregoing reasons, the Plaintiff, A & E Harbor Transport, Inc., respectfully requests the Court to deny Rule 12(b)(6) motion to dismiss the Second Amended Complaint filed by the Defendant, Votum Enterprises, LLC.

Dated:  April 26, 2021	MICHAEL SCHWARTZBERG


By:   */s/ Michael Schwartzberg*
650 Bloomfield Avenue, Suite 100
Bloomfield, NJ 07003
email: michael@jerseylaws.com
*Attorneys for Plaintiff*

9