NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A & E HARBOR TRANSPORT, INC., | Civil Action No. 20-18509 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| TRI-COASTAL DESIGN GROUP, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Second Amended Complaint by Defendant Votum Enterprises LLC ("Votum.")  The motion has been opposed by Plaintiff A & E Harbor Transport, Inc. ("Plaintiff.")  For the reasons expressed below, the Court will grant the motion to dismiss.

On February 19, 2021, this Court granted Votum's previous motion to dismiss the First Amended Complaint, dismissing the first four counts against Votum with prejudice, and dismissing the fifth count against Votum without prejudice, with leave to replead the fifth count. Plaintiff filed the Second Amended Compliant ("SAC"), which amended the fifth count, and added a new sixth count.  Votum now moves to dismiss the fifth and sixth counts for failure to state a valid claim for relief.

The fifth count again alleges that "Votum is a mere continuation of the Tricoastal. [sic]" (SAC Count Five ¶ 4.)  Votum again moves to dismiss Count Five on the ground that the Amended Complaint fails to plead sufficient facts to make plausible a claim for successor

liability.  To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

In its moving brief, Votum presents a detailed set of arguments that the SAC fails to make plausible that Votum is subject to successor liability under New Jersey law.  Plaintiff's opposition brief does not respond to these arguments except to point out the factual allegations that Plaintiff believes are sufficient, based on federal pleading standards as they existed prior to the Supreme Court's decision in Twombly, which changed them.  As to the fifth count, Plaintiff has failed to defeat Votum's motion to dismiss.

Votum also moves to dismiss the sixth count, which pleads no new facts as to successor liability, but only conclusory allegations.  "At the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."  James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012).  The sixth count fails to allege sufficient facts to make plausible a valid claim for relief.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the

plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) ("It does not matter whether or not a plaintiff seeks leave to amend.")  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  Plaintiff has had one opportunity to amend the successor liability claims, and having amended and again failed to state a valid claim for relief, this Court concludes that further amendment of the SAC is futile.

The Court concludes that the SAC fails to plead sufficient facts to make plausible Counts Five and Six, for successor liability.  The motion to dismiss will be granted and, as to Defendant Votum only, Counts Five and Six will be dismissed with prejudice.

For these reasons,

**IT IS** on this 7th day of May, 2021

**ORDERED** that Votum's motion to dismiss (Docket Entry No. 12) is **GRANTED**, and, as to Defendant Votum only, Count Five and Count Six in the Second Amended Complaint are hereby **DISMISSED** with prejudice.

                                          s/ Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge